UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Clement Haastrup,
Omolara Haastrup,
Adekule Haastrup,
Adeniyi Haastrup, and
Olushola Haastrup,

        Plaintiffs,

v.

Scott Baniecke, Field Office
Director, U.S. Immigration &
Customs Enforcement (ICE),
Rosemary Langley Melville,
Director, California Service Center,
USCIS, Alejandro Mayorkas,
Director USCIS, Eric Holder,
Attorney General, and Janet
Napolitano, Secretary, DHS,

        Defendants.

Civil No. 11-1416 (JNE/JJG)
ORDER

This case is before the Court on Plaintiffs' motion for a temporary restraining order (TRO) enjoining Defendants from initiating removal proceedings against them before the U.S. Immigration Court and from terminating their conditional lawful permanent resident status. Plaintiffs, a husband, wife, and their dependents, are natives of Nigeria who became conditional lawful permanent residents on January 14, 2009. Plaintiffs obtained their conditional status pursuant to a visa program allowing entry to the United States, and eventual lawful permanent residence status, to qualified immigrant investors. *See* 8 U.S.C § 1153(b)(5) (2006). In December 2010, Plaintiffs filed a Form I-829 petition to remove the conditions from their residence status. On March 30, 2011, the U.S. Citizenship & Immigration Services (USCIS) issued a Notice of Intent to Deny Plaintiffs' Form I-829 petition. On May 24, 2011, USCIS issued notice that Plaintiffs are subject to removal and that their conditional status was

1

terminated on May 19, 2011.  (Pl. Ex. 20)  As of the filing of the Complaint and motion for a

TRO, removal proceedings had not been initiated.

A plaintiff seeking a TRO order must establish:

(1) the threat of irreparable harm to the movant; (2) the state of the balance
between this harm and the injury in granting the injunction will inflict on the other
party; (3) the probability of the movant succeeding on the merits; and (4) the
public interest.

*Phelps-Roper v. Nixon*, 545 F.3d 685, 689-90 (8th Cir. 2008) (citing *Dataphase Sys. Inc. v. CL

Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc)).  Injunctive relief is an extraordinary

remedy, *see Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc.*, 815 F.2d 500, 503 (8th Cir.

1987), and the party requesting the injunctive relief bears the "complete burden" of proving all

the factors listed above, *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

Plaintiffs have not demonstrated that they will suffer irreparable harm absent a TRO

enjoining the initiation of removal proceedings.  Failure to show irreparable harm is an

independently sufficient ground upon which to deny temporary injunction relief.  *Watkins, Inc. v.

Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).  USCIS's decision to terminate Plaintiffs' conditional

lawful permanent residence status is subject to review in removal proceedings, and the

Government will be required to prove by a preponderance of the evidence that the termination of

Plaintiffs' conditional lawful permanent residence was proper.  *See* 8 U.S.C. § 1186b(c)(3)(D)

(2006).  Plaintiffs will have an adequate opportunity to seek review of USCIS's decision to

terminate their status absent the issuance of a TRO.

"The dramatic and drastic power of injunctive force may be unleashed only against

conditions generating a presently-existing actual threat; it may not be used simply to eliminate a

possibility of a remote future injury, or a future invasion of rights."  *Rogers v. Scurr*, 676 F.2d

1211, 1214 (8th Cir. 1982) (quoting *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618

(3d Cir. 1969)).  No such conditions exist here, and the Court concludes that Plaintiffs have

failed to meet their burden of proof under *Dataphase*.  Accordingly, the balance of equities

counsels against the issuance of the requested TRO.  *See Dataphase*, 640 F.2d at 113.[1]

Based on the files, records, and proceedings herein, and for the reasons stated above, IT

IS ORDERED THAT:

1.  Plaintiffs' Motion for Temporary Restraining Order [Docket No. 2] is
    DENIED.

Dated:  June 8, 2011

s/  Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[1]     The Court observes that, in any event, it does not likely have jurisdiction over Plaintiffs
claims.  *See* 8 U.S.C. § 1252(g) (2006) ("[N]o court shall have jurisdiction to hear any cause or
claim by or on behalf of any alien arising from the decision or action by the Attorney General to
commence proceedings, adjudicate cases, or execute removal orders against any alien under this
chapter."); *Grass v. Gonzales*, 418 F.3d 876, 877 (8th Cir. 2008); *Patino v. Chertoff*, 595 F.
Supp. 2d 310, 313 (S.D.N.Y. 2009).